# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

| | |
|---|---|
| **DARRELL LEE GUTHRIE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 3:13-21902** |
| ) | |
| **LARRY CRAWFORD, Warden,** ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's "Writ of Mandamus Unlawful Incarceration" (Document No. 1.), filed on August 15, 2013. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined the "Writ of Mandamus Unlawful Incarceration," the undersigned concludes that the Writ of Mandamus should be dismissed.

## FACTUAL BACKGROUND

On August 15, 2013, Petitioner, acting *pro se*,[1] filed his "Writ of Mandamus Unlawful Incarceration." (Document No. 1.) Petitioner contends that "[o]n or about October 2012, I was arrested for transferring and receiving stolen property, and for being a felon in possession of a firearm." (Id., p. 1.) Petitioner alleges that his "bond was set for $20,000.00 dollars on possession of firearm" and "$50.000.00 for transferring and receiving stolen property." (Id.) Petitioner claims

---

[1] Because Petitioner is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

that he posted his bond and "8 days later I had to go to my preliminary hearing on these charges." (Id.) Petitioner states that when he appeared at court for his preliminary hearing, he was arrested and charged with night time burglary. (Id.) Petitioner states that "my lawyer and the prosecuting attorney agreed that since all of these charges came from the same incident, to give me a $25,000.00 OR Bond." (Id.) Petitioner explains that he had two bonds totaling $70,000, and a "$25,000 OR Bond." (Id.) Petitioner alleges that "[f]or this OR Bond, I agreed to waive my rights to a preliminary hearing and waive my charges to the Grand Jury." (Id.)

Petitioner contends that "[o]n or about January 19, 2013, I was overly charged with a burglary at Cullodan Manner. I was arrested and taken to WRJ." (Id., p. 2.) Petitioner asserts that on January 24, 2013, he was "given a $20,000 OR bond with special conditions (day report)." (Id.) Petitioner states he was released from jail on January 29, 2013. (Id.) Petitioner contends that he went to his preliminary hearing on January 29, 2013, and he informed his lawyer that he was "on day report special bond conditions" and "it would be hard on [him] to travel from Putnam to Cabell everyday." (Id.) Petitioner further explained to his lawyer that he was "out on another bond from October, 2012." (Id.) Petitioner alleges that his attorney "spoke with the prosecuting attorney, she came back and said, 'Mr. Guthrie if you waive your rights to your preliminary hearing today, the Prosecutor has agreed to lift day report and not violate your $70,000 bond and $25,000 OR Bond. You will remain free and out on bond until you are indicted.'" (Id.) Petitioner claims that he "took this verbal deal." (Id.)

Petitioner alleges that on May 28, 2013, he "had an encounter with a police officer in Cabell County on a traffic stop [and] he informed me that I had a warrant for my arrest." (Id.) Petitioner states that he "had a hearing in front of Paul Farrell [and] my lawyer, Paul Jordan, asked for it to be

2

continued to June 5th." (Id.) Petitioner contends that during his hearing on June 5, 2013, his lawyer acted ineffective by stating the following: "Your Honor, I don't understand this case at all, maybe Mr. Guthrie can explain it." (Id.) Petitioner asserts that he attempted to explain, but the "State Chris Childs kept over talking me, after about two minutes of trying to explain my case, Judge Paul Farrell, cut me short and upheld his order to hold without bond and removed by $70,000.00 dollar bond with Lockhart Bonding." (Id.) Petitioner alleges that the prosecutor improperly argued that Petitioner"failed to appear at a February 26, 2013 hearing, which the Day Report filed to have me violated."[2] (Id., p. 3.) Petitioner contends that the prosecutor and Court "made a mistake" because he could not violate his Day Report since the "Court took [him] off Day Report" on January 29,

---

[2] To the extent Petitioner is attempting to present a claim under 42 U.S.C. §1983, the Court finds his claim to be without merit. Petitioner appears to argue that the prosecutor violated his constitutional rights by seeking to revoke his bond. Prosecutors, however, have absolute immunity for activities performed as "an officer of the court" if the conduct at issue is closely associate with the judicial phase of the criminal process. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 - 343, 129 S.Ct. 855, 860 - 862, 172 L.Ed.2d 706 (2009). In determining whether a prosecutor is entitled to absolute immunity, the Court must apply the "functional approach" examining the nature of the function performed. *Id.*, 555 U.S. at 342, 129 S.Ct. at 861. It is well established that prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991)(*quoting Imbler*, 424 U.S. at 430 - 431, 96 S.Ct. at 995). Further, absolute immunity extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Buckley v. Fitzsimmons*, 509 U.S. 259, 272, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993)(quoting *Imbler*, 424 U.S. at 431, 96 S.Ct. at 995 - 996)). A prosecutor acts as an advocate or "officer of the court" when performing tasks, such as (1) initiating a judicial proceeding, (2) presenting evidence in support of a search warrant application, (3) conducting a criminal trial, bond hearing, grand jury proceeding or pre-trial hearing, (4) engaging in "an out-of-court effort to control the presentation of [a] witness' testimony," and (5) making a "professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before the grand jury after a decision to seek an indictment has been made." *Buckley*, 509 U.S. at 272, 113 S.Ct. at 2615(quoting *Imbler*, 424 U.S. at 431, 96 S.Ct. at 995 - 996); *Van de Kamp*, 555 U.S. at 434, 129 S.Ct. at 861; *Dababnah v. Keller-Burnside*, 208 F.3d 467, 471 - 472 (4th Cir. 2000)(stating that "numerous courts have found prosecutors absolutely immune when undertaking [extradition proceedings].") Based on the foregoing, the undersigned finds that the prosecutor was acting as "an officer of the court" in seeking the revocation of Petitioner's bond. Accordingly, the prosecutor is entitled to prosecutorial immunity.

2013. (Id.) Petitioner further asserts that he did not received notice of his hearing that was scheduled for February 26, 2013. (Id.) Next, Petitioner complains that the prosecutor improperly "mislead the Court to believe that all four of the my felonies . . . are separate incidents. That is not true, two indictments, three bonds." (Id, p. 4.) Finally, Petitioner claims that the prosecutor is "using my past in Court for one of the reasons to revoke my bond." (Id.)

Petitioner states that "[o]n July 29, 2013, I appeared in Judge Farrell's Court once again." (Id., p. 3.) Petitioner states that he filed motions for reinstatement of bond and appointment of new counsel. (Id., p. 3.) Petitioner alleges that "Paul Farrell ordered me on home confinement, but he wanted home confinement to evaluate me first, they did, and home confinement approved me!" (Id.) Petitioner complains that "[o]n August 5, home confinement presented my approval to Judge Paul Farrell to sign off on and release me, but he refused to release me after approving me on July 29, 2013." (Id.) Petitioner complains that Judge Farrell violated his due process rights by failing to rule on his motions for bond and motion for appointment of counsel.[3] (Id.) Petitioner further contends that "I would have never waived my preliminary hearing on January 28, 2013, if I would have

---

[3] To the extent Petitioner is attempting to assert a Section 1983 claim against Judge Farrell, the undersigned finds the claim to be without merit. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in *Bradley v. Fisher*, 80 U.S. 335, __ S.Ct. ___, 20 L.Ed. 646 (1872)." *Imbler v. Patchman*, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." *Jackson v. Houck*, 181 Fed. App'x 372, 372 (4th Cir. 2006) (*quoting Mireles v. Waco*, 502 U.S. 9, 12-13 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted).

4

known four and half months later the State was going to go back on their agreement and violate my rights to due process." (Id., p. 4.) Based on the foregoing, Petitioner requests the following relief: (1) "Immediate release from custody of WRJ and said County Cabell;"[4] (2) "To order Judge Farrell to reinstate my bond that he revoked on June 5, 2013;" (3) "To order the Court to put me on home confinement bond;" (4) "To drop and dismiss the four felonies am charged with, dismiss with prejudice;" and (4) "Pray to this Court for an immediate hearing." (Id., p. 5.)

As Exhibits, Petitioner attaches the following: (1) A copy of the Arrest Warrant as issued by Cabell County Circuit Court Judge Paul T. Farrell in Case No. 13-B-54, which was returned executed on May 28, 2013 (Document No. 1-1, p. 1.); (2) A copy of the "Petition to Revoke Day Report Center of the Above Named Defendant" as filed in the Circuit Court of Cabell County on February 19, 2013, in Case No. 13-B-54 (Id., p. 2.); (3) A copy of a motion to reduce bond as filed in the Magistrate Court of Cabell County on January 24, 2013, in Case No. 1B-F-84 (Id., p. 3.); and (4) A copy of a motion for OR bond as filed in the Circuit Court of Cabell County on January 28, 2013, in Case No. 13-F-84 (Id., p. 4.).

## ANALYSIS

The Court will first consider Petitioner's "Writ of Mandamus Unlawful Confinement" as a petition for a writ of mandamus filed pursuant to 28 U.S.C. § 1361. Section 1361 grants original jurisdiction to district courts "to compel an officer or employee of the United States or any agency

---

[4] Based upon a review of the record, it appears that Petitioner may no longer be incarcerated at WRJ. Petitioner notes the following as his return address: "Rt. 3, Box 46D; Hurricane, WV 25510." (Document No. 7, p. 2.) The undersigned notes that it is Petitioner's responsibility to provide the Court with a notice of change of address. *See* Rule 83.5 of the Local Rules of Civil Procedure("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.")

thereof to perform a duty owed to plaintiff." A duty is a mandatory obligation, not a discretionary function. In the instant case, Petitioner has not provided any evidence to suggest that any federal officer or employee owed him a mandatory duty and failed to perform it. Accordingly, Petitioner is not entitled to relief under 28 U.S.C. § 1361.

To the extend Petitioner is asserting a *habeas* claim pursuant to 28 U.S.C. § 2241, the undersigned finds that the Court should abstain from exercising jurisdiction over Petitioner's claims based upon the *Younger*-abstention doctrine. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 669 (1971). "Under the *Younger*-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). The Fourth Circuit has recognized that "*Younger* abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), cert. denied, 516 U.S. 1094, 1167 S.Ct. 816, 133 L.Ed.2d 761 (1996). A court should disregard *Younger's* mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006)(internal quotations omitted). To prevail under the bath faith exception, petitioner must show "a prosecution has been brought without a reasonable expectation of obtaining a valid

conviction." Suggs v. Brannon, 804 F.2d 274, 278 (4th Cir. 1986). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The undersigned finds that the *Younger* abstention doctrine applies in the instant case. First, it appears that criminal proceedings are ongoing as Petitioner states that he is currently charged with four felony offenses. Second, a pending state criminal proceeding clearly involves an important state interest. The State of West Virginia has an important interest in maintaining the efficient operation of its criminal justice system without undue federal interference. Third, the matters in controversy are on-going and Petitioner will have an adequate opportunity to present his claims in the state court proceedings.[5] See Gilliam v. Foster, 75 F.3d at 881, 904 (4th Cir. 1996)(Generally, "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). "[T]he key question is whether the state allows [the defendant] to raise [his] objections, not whether the state agrees with those objections." Nivens, 444 F.3d at 243. Under West Virginia law, Petitioner has a statutory right to appellate review of the amount of bail or the discretionary denial of bail. W. Va. Code § 62-1C-1(c)("The amount of bail or the discretionary denial of bail at any stage of the proceedings may be reviewed by summary petition first to the lower

---

[5] Petitioner appears to argue that he has a constitutional right to bond. The United States Constitution, however, does not establish an absolute right to bail. *United States v. Salerno*, 481 U.S. 739, 752, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)("The Eighth Amendment addresses pretrial release by providing merely that '[e]xcessive bail shall not be required.' This Clause, of course, says nothing about whether bail shall be available at all."); *Carlson v. Landon*, 342 U.S. 524, 545-46, 72 S.Ct. 525, 96 L.Ed. 547 (1952)("Indeed, the very language of the [Eighth] Amendment fails to say all arrests may be bailable"); *United States v. Perry*, 788 F.2d 100, 111 (3rd Cir. 1986), *cert. denied*, 479 U.S. 864, 107 S.Ct. 218, 93 L.Ed.2d 146 (1986)(no absolute right to bail); *United States v. Edwards*, 430 A.2d 1321 (D.C. 1981), *cert. denied*, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (182)(The excessive bail clause of the Eighth Amendment does not grant a right to bail in criminal cases).

appellate court, if any, and thereafter by summary petition to the supreme court of appeals or any judge thereof.") Additionally, if Petitioner believes trial counsel is acting ineffectively in his defense, Petitioner may request the appointment of new counsel.[6] Finally, Petitioner has failed to allege sufficient facts to establish the applicability of the bad faith exception. Specifically, there is no indication that Petitioner is being prosecuted "without a reasonable expectation of obtaining a valid conviction."

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's "Writ of Mandamus Unlawful Incarceration" (Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

---

[6] If Petitioner is convicted, Petitioner will also have the opportunity to raise the issue of ineffective assistance of counsel on direct appeal or collateral review.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: December 20, 2013.

R. Clarke VanDervort
United States Magistrate Judge